**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Theodore E. GILMORE and Nelle R. Gilmore, Defendants-Appellants.**

**No. 81–1272.**

United States Court of Appeals, Tenth Circuit.

Feb. 2, 1983.

Charles P. Fleming, Jr., Prairie Village, Kan., for defendants-appellants.

Jim J. Marquez, U.S. Atty. and Janice Miller Karlin, Asst. U.S. Atty., D. Kan., Kansas City, Kan., for plaintiff-appellee.

Before McWILLIAMS, BREITENSTEIN and SEYMOUR, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The United States sued to recover money due the Small Business Administration, SBA, under a loan guaranty. Section 1345, Title 28 U.S.C., confers jurisdiction. After a nonjury trial the court gave judgment for the United States in the amount of $214,-342.12 plus interest and costs. On this appeal the defendants-appellants argue that the action was time barred and that the government had released them from their obligation. We affirm.

Lawrence Electronics, Inc., made signal generators for the Department of Defense and needed working capital to perform its government contracts. The need was met by a February 17, 1971, loan of $150,000 from the Citizens State Bank of Cheney, Kansas (Bank). The promissory note securing payment was payable, both principal and interest, in monthly installments of $3,065. SBA guaranteed two-thirds of the loan or $100,000. To induce the Bank loan and the SBA guaranty, the defendants-appellants, Theodore E. Gilmore and his wife Nelle R. Gilmore, guaranteed loan payment. Lawrence Electronics made no installment payment on the loan.

On October 17, 1972, Bank asked SBA for payment under its guaranty, and SBA complied on November 1, 1972. On the same day, Bank and SBA made a "conversion agreement" whereby Bank continued to service the loan and retained possession of the promissory note. Later in 1972, a "participation agreement" was made whereby government contract payments were to be disbursed by the contractor only on the

unanimous consent of defendant Gilmore, acting for the contractor, and the Contracting Officer of the Department of Defense.

On July 10, 1975, Bank assigned the note and guaranty of defendants to SBA. The acceleration provisions of the note include the following: "Payee is authorized to declare all or any part of the Indebtedness immediately due and payable upon the happening of any of the following events: (1) failure to pay any part of the Indebtedness when due; ...." The parties stipulated, R. p. 85, that on July 17, 1975, SBA accelerated the note and demanded payment in full by the defendants.

This suit was filed on January 13, 1976, and service made on Theodore Gilmore. On May 26, 1977, the court granted the government motion to dismiss without prejudice the action as to Nelle Gilmore. On March 13, 1979, an amended complaint was filed naming Nelle Gilmore as a defendant. She admits service of summons on March 20, 1979. Appellants' Brief, p. 2.

The statute of limitations defense is raised only by Nelle Gilmore. The pertinent statute is 28 U.S.C. § 2415(a) which provides that an action by the United States for money damages "founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues...." The question presented is the time when the cause of action accrued.

■ The defense does not question the applicability of § 2415(a). Exercise of the acceleration clause is optional with the holder of the note. Bank did not act under the acceleration clause. The assignment of the note and guaranty by the Bank to SBA occurred on July 10, 1975. By letter of July 17, 1975, SBA notified the defendants that it exercised the acceleration clause and demanded payment in full. The cause of action then accrued to trigger the limitation period. See *United States v. Cardinal*, 452 F.Supp. 542, 544, 547; *United States v. Alessi*, 2 Cir., 599 F.2d 513, 515; and *Moresi v. Far West Services, Inc.*, D. Hawaii, 291 F.Supp. 586, 588. The amended complaint joining Nelle Gilmore as a defendant was filed on March 13, 1979, and was within the statutory period. The parties do not raise, and we do not decide, the question of the application of the limitation period to installments unpaid when the acceleration clause was exercised.

Nelle Gilmore also argues that the November, 1972, conversion and participation agreements started the running of the limitation period. The contention is that Lawrence Electronics was then bankrupt and that the agreements made were in essence an assignment for the benefit of creditors. The conversion agreement was executed by Bank and SBA. The participation agreement was signed by Lawrence Electronics and a Department of Defense contracting officer as well as by Bank and SBA which had a security interest in the government contract payments.

■ Neither of the two agreements is included within the record on appeal before us. Accordingly, we cannot consider the references in the briefs to the content of the agreements. Such references are improper and censurable. *Rachbach v. Cogswell*, 10 Cir., 547 F.2d 502, 504.

Witness Henley, an official of SBA, testified, Tr. 18, that the conversion agreement was necessary to allow Bank to continue servicing the account. The participation agreement required concurrence by Bank, SBA and the Defense Contract Administration in approval of payments by Lawrence Electronics.

The court found, R. 108:

"In November 1972 SBA entered into a Conversion Agreement whereby the bank continued to service the loan with The Lawrence Electronics Company, but SBA became an immediate participant. (Defendants' Exhibit B.) Neither SBA nor the bank demanded full payment of the loan by the company because they were attempting to help the business get back on its feet."

■ The note provides that the indebtedness becomes due and payable without notice or demand upon the appointment of a receiver or liquidator, a petition against the signer under any state insolvency law or under the Bankruptcy Act of 1898, or an

assignment for the benefit of creditors. None of the mentioned events occurred. We agree with the trial court that the November, 1972, agreements were an attempt to keep Lawrence Electronics working and that the cause of action accrued when SBA exercised its option under the acceleration clause. Such SBA action was in 1975 and the suit was filed in 1979, well within the six-year period.

Both defendants claim that the government released them from their guaranty obligation. Disputes between the government and Lawrence Electronics resulted in an appeal by each to the Armed Services Board of Contract Appeals. Tr. p. 33. Negotiations between defendant Theodore Gilmore and Robert E. Valliere, Administrative Contracting Officer of the Department of Defense, resulted in a Modification Agreement, which defendants contend released them from their loan guaranty. Gilmore testified, Tr. 42, that he believed the agreement was a "complete release of [his] obligations to the government . . . including the SBA specifically." The appeals to the Board of Contract Appeals were subsequently dismissed. Tr. p. 42.

Valliere did not testify. The government brief says, p. 14, that he is deceased. Gilmore testified, Tr. p. 57, that no "person of the SBA conferred with me personally, either in writing or verbally, about this document [Modification Agreement]." See also Tr. 50. Government witness Schawe, Chief of the Contract Management Division at the Wichita Office, testified that he had examined the files relating to Lawrence Electronics and that he found nothing to show that SBA "was aware of or was a party or sought to be a party to this Modification of Contract." Tr. p. 63. He also said that Valliere had no authority to release SBA. Tr. pp. 65–66.

The Modification Agreement is not in the record before us. We add to what we have said about the omission of the conversion agreement and the participation agreement that the designation of record by the appellants does not include any of the mentioned agreements and neither party acted to cure such omission as is permitted by Rule 10(e), F.R.App.P.

Section 634(b)(4), Title 15, U.S.C., provides that the Administrator of the Small Business Administration may "compromise . . . all claims against third parties assigned to the Administrator in connection with loans made by him." We are aware of no statutory authority in any other person to compromise a SBA claim. Nothing in the record shows any action by the Administrator in connection with the release of any SBA claim against the defendants. The district court correctly held, R. 109–110 that only the SBA Administrator has authority to compromise SBA claims and that: "An administrative contracting officer has no authority to compromise claims of any government agency other than agencies of the Department of Defense." The defendants were not released from their guaranty.

Affirmed.