UNITED STATES of America, Plaintiff,

v.

William D. FREY and Joan Frey, Defendants.

Civ. A. No. 87–2298.

United States District Court,
D. Kansas.

July 26, 1988.

Benjamin L. Burgess, Jr., U.S. Atty., Robert A. Olsen, Robert S. Streepy, Asst. U.S. Attys., Kansas City, Kan., for plaintiff.

Michael H. Berman, Nancy R. Ryan, The Michael H. Berman Professional Association, Prairie Village, Kan., for defendants.

## MEMORANDUM AND ORDER

### EARL E. O'CONNOR, Chief Judge.

The United States brought this action on behalf of the Small Business Administration (SBA) to collect on a personal, unconditional guaranty executed by the defendants, William D. and Joan Frey. The final pretrial conference was held in this matter on February 3, 1988, and the final pretrial order was filed February 29, 1988. The matter is presently before the court on the United States' motion for summary judgment. The defendants failed to respond to the government's motion for summary judgment, even after receiving three extensions of time in which to respond. Since defendants have not responded, the plaintiff's statements of uncontroverted fact are deemed admitted for purposes of this motion. D.Kan. Rule 206(c).

The uncontroverted facts are as follows. On or about July 3, 1980, W.D. Frey, Inc., a Kansas corporation, executed and delivered a promissory note in the principal sum of $98,000.00 payable to the Kansas National Bank & Trust Co., the SBA's participating bank, together with interest in the amount 19.25 percent per annum. On the same date and as part of the same transaction, the defendants executed and delivered their personal, unconditional guaranty of the note to the Kansas National Bank & Trust Co. The participating bank subsequently assigned all its right, title and interest in and to the note and guaranty on or about October 16, 1984.

W.D. Frey, Inc. failed to make any payments as required under the terms of the promissory note. On or about June 3, 1982, William Frey requested a moratorium of the payments due on the loan. After being assigned the note and the guaranty, the SBA sent two acceleration demand letters to William and Joan Frey as guarantors on February 26, 1985, and February 26, 1987. These letters informed the defendants of the default by the corporate obligor and demanded full payment under the terms of the guaranty. Defendants received both of these letters, but have declined to pay the amount due. As of April 4, 1988, the sum of $95,935.67 was due and owing on the principal of the note and guaranty, plus accrued interest of $109,701.02 through May 26, 1987. Interest continues to accrue at the rate of 19.25% per annum.

According to the federal rules, summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a

judgment as a matter of law." Fed.R. Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This can be done when the moving party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 324, 106 S.Ct. at 2553. Once the moving party has met these requirements, the burden then shifts to the party resisting the motion. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate when the nonmoving party cannot set forth specific facts supporting the essential elements of his or her claim. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. In considering a motion for summary judgment, however, the court must look at the record in the light most favorable to the nonmoving party. *Ewing v. Amoco Oil Co.,* 823 F.2d 1432, 1437 (10th Cir.1987).

■ In responding to the government's requests for admissions, the defendants admitted that they executed the promissory note and the personal guaranty. They do not contest that the note and guaranty were assigned to the SBA. The defendants also admitted that the corporate obligor, W.D. Frey, Inc., was in default on the note and that the SBA made demand on them under the guaranty for payment of the accelerated amount of the note. Based on these facts, the government has established that it is entitled to recover on the guaranty.

■ Although they did not respond to the government's motion for summary judgment, the defendants raised two defenses in the pretrial order. The defendants first argued that the government's action is barred by the statute of limitations under K.S.A. 60–511 or 28 U.S.C. § 2415(a). Generally, the United States is not bound by state statutes of limitation or subject to the defense of laches in enforc-

ing its rights. *Roberts v. Morton,* 549 F.2d 158, 163 (10th Cir.1976), *cert. denied,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). An action by the United States to collect the balance due on an SBA loan is subject to the statute of limitation found at 28 U.S.C. § 2415(a); a state statute of limitations cannot displace federal law with respect to such an action. *United States v. McReynolds,* 809 F.2d 1047, 1049 (5th Cir. 1986). Section 2415 provides, in part:

> (a) [E]xcept as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon *any contract express or implied* in law or fact, shall be barred unless the complaint is filed *within six years after the right of action accrues*....

28 U.S.C.S. § 2415 (1988 Supp.) (emphasis added).

■ Since it is clear that the six-year statute of limitations in section 2415 applies in this case, it becomes necessary to determine when the government's action accrued for purposes of triggering the running of the statute. The Tenth Circuit has previously discussed this issue in the context of a action by the United States to collect on a guaranty to an SBA loan. In *United States v. Gilmore,* 698 F.2d 1095 (10th Cir.1983), the holder of the note—the participating bank—did not exercise its option to accelerate the amount due under the promissory note when the obligor defaulted. The participating bank subsequently assigned the note and guaranty to the SBA, which, in turn, exercised the option to accelerate. The SBA sent a letter to the guarantors notifying them of the acceleration and demanding payment of the full amount of the loan. In these circumstances, the court found that the statute of limitations in section 2415 was triggered by the SBA's notification of acceleration and demand for full payment. *Id.* at 1097.

The facts in this case are substantially similar to those stated in *Gilmore.* In this case, the note and guaranty were assigned to the SBA on October 16, 1984. The SBA first sent notice of acceleration and demand

for payment to the defendant guarantors on February 26, 1985, and again on February 26, 1987. Thus, the earliest point at which the statute of limitations began to run was February 26, 1985. Since this action was filed in June of 1987, the matter was instituted well within the six-year limitations period. For these reasons, the defendant's claim that this action is barred by the statute of limitations must fail.

 The second defense raised by the defendants is that the SBA failed to sell collateral securing the note in a commercially reasonable manner. The government contends that the defendants waived this defense by executing the unconditional guaranty. The guaranty signed by the defendants was a standard guaranty form used by the SBA. In this guaranty, the defendants specifically waived any notice regarding the substitution, exchange, or release of any collateral securing the loan. In addition, the guaranty gave the SBA full power to realize on the collateral within its "uncontrolled discretion" without notice to the guarantors. Finally, the agreement provided that the guarantors' liability would not be released, discharged, or otherwise affected by reason of any action taken or not taken by the SBA under the powers extended by the agreement.

This SBA guaranty form has been the subject of review in this circuit several times. In *United States v. Lattauzio,* 748 F.2d 559 (10th Cir.1984), the court of appeals studied the terms of guaranty agreements substantially similar to the one at issue in this case. The court found that the guarantors signing such a guaranty waived the defense of a commercially unreasonable sale. *Id.* at 562. This reasoning was followed again in *United States v. New Mexico Landscaping, Inc.,* 785 F.2d 843, 847 (10th Cir.1986). Since the guaranty signed by these defendants is substantially identical to the guaranties involved in *Lattauzio* and *New Mexico Landscaping,* we are forced to conclude that the defendants have waived the defense of commercial unreasonableness by executing the guaranty.

For these reasons, the court finds that the United States' motion for summary judgment must be granted. The government has established the existence of the underlying promissory note, the existence of the unconditional guaranty, the default of the principal obligor, and demand on the guarantors. Furthermore, the only defenses raised by the defendants are insufficient as a matter of law.

IT IS THEREFORE ORDERED that the United States' motion for summary judgment is hereby granted. The clerk is directed to enter judgment against the defendants in the amount of $205,637.69 for principal and interest due and owing as of May 26, 1987, plus interest accruing from May 27, 1987, to the date of judgment at the contract rate of 19.25% per annum, plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961.