**UNITED STATES of America, On behalf of its Agency, the SMALL BUSINESS ADMINISTRATION, Plaintiff,**

v.

**Carol DelGUERCIO and Anthony Lisanti, Defendants.**

Civ. A. No. 90–2296.

United States District Court,
D. New Jersey.

March 10, 1993.

ministration ("SBA"), and defendants, Carol DelGuercio and Anthony Lisanti ("defendants" or "guarantors") for summary judgment pursuant to Federal Rule of Civil Procedure 56. The SBA is seeking to enforce the terms of a guaranty agreement executed by the defendants. For the reasons discussed below, I now grant plaintiff's motion for summary judgment and deny defendants' cross-motion for summary judgment.

## BACKGROUND

On December 8, 1982 the Northeastern Bank of Pennsylvania ("Northeastern") extended a Three Hundred and Fifty Thousand Dollar ($350,000) loan to Family Restaurant Concepts, Inc. ("Family Restaurant"), as evidenced by a promissory note. In the Guaranty Agreement, the defendants, Anthony Lisanti as President of Family Restaurant and Carol Ann DelGuercio as secretary of Family Restaurant, personally signed and guaranteed the note. The Wilkes–Barre, Pennsylvania branch office of the SBA authorized Northeastern's disbursement of the loan. As further security for the loan, defendant Carol DelGuercio executed a mortgage encumbering certain real estate located in Pike County, Pennsylvania. The defendants used the loan for the purchase of business equipment, machinery, and leasehold improvements for a restaurant in Kingston, Pennsylvania.

The loan agreement provided for an immediate monthly payment schedule. Family Restaurant made its monthly payments up until June 8, 1984, and since then it has tendered no further payments. On June 29, 1984, Family Restaurant filed a Chapter 11 petition for bankruptcy in the U.S. Bankruptcy Court for the Middle District of Pennsylvania.

On September 4, 1984, the Northeastern assigned the note, guaranty, and mortgage to the SBA. The SBA sent a number of letters dated August 31, 1984, January 4, 1985, January 23, 1985 and April 14, 1989,[1] all of which

Suzanne R. Dyer, Asst. U.S. Atty., Newark, NJ, for plaintiff.

Steven M. Berlin, Giordano, Halleran & Ciesla, Middletown, NJ, for defendants.

HAROLD A. ACKERMAN, District Judge:

This matter comes before the court on motions by plaintiff, the Small Business Ad-

---

1. The court takes judicial notice of the fact that the first letter dated August 31, 1984 is before the September 4, 1984 date when Northeastern as-

signed the note to the SBA. The assignment document is not dated.

notified the guarantors of Family Restaurant's default and, pursuant to the guaranty, accelerated the payment schedule of the note by demanding immediate payment of the outstanding debt.[2]

On January 9, 1985, when the defendants still had not paid, the SBA seized the equipment, machinery, furniture, fixtures, and inventory of Family Restaurant. The SBA then sold these assets at public sale on March 6, 1985.[3] From the net proceeds of the sale, the SBA credited Sixty–Three Thousand Four Hundred and Ninety–Five Dollars and Fourteen Cents ($63,495.14) to the Family Restaurant note. The SBA now seeks a judgement against the defendants for the remaining amount due in accordance with the terms of the guaranty agreement. The defendants oppose this motion.

## STANDARD FOR REVIEW

Summary judgment may be granted only if the pleadings, supporting papers, affidavits, and admissions on file, when viewed will all inferences in favor of the nonmoving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See *Todaro v. Bowman,* 872 F.2d 43, 46 (3rd Cir.1989); *Chippolini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3rd Cir.), cert. dism'd, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). Put differently, "summary judgment may be granted if the movant shows that there exists no genuine issues of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Indiana Hospital,* 843 F.2d 139, 143 (3rd Cir.1988), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988). An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with regard to that issue. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A fact is material if it

influences the outcome under the governing law. *Id.* at 248, 106 S.Ct. at 2510.

Within the framework set out above, the moving party essentially bears two burdens: First, there is the burden of production, of making a prima facie showing that it is entitled to summary judgment. This may be done by either demonstrating there is no genuine issue of fact and that as a matter of law, the moving party must prevail or by demonstrating the nonmoving party has not shown facts relating to an essential element of the issue for which it bears the burden. Once either showing is made, this burden shifts to the nonmoving party who must demonstrate facts supporting each element for which it bears the burden as well as establish the existence of genuine issues of material fact. Second, there is the burden of persuasion. This burden is a stringent one which always remains with the moving party. If there remains any doubt as to whether a trial is necessary, summary judgment should not be granted. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 330–33, 106 S.Ct. 2548, 2556–58, 91 L.Ed.2d 265; *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157–61, 90 S.Ct. 1598, 1608–10, 26 L.Ed.2d 142 (1970); Advisory committee's Notes on Fed.Rule of Civ.Pro. 56(e), 1963 Amendment; see generally C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2727 (2nd ed. 1983).

## DISCUSSION

To be entitled to a judgment on a guaranty, a plaintiff must demonstrate:

1) execution of the guarantee by the guarantor (i.e., that it was the defendant who signed the guarantee);

2) the principal obligation and terms of the guaranty;

3) the lender's reliance on the guaranty in extending monies to the borrower;

4) default by the principal obligator;

---

**2.** The defendants' understanding of when the a demand for immediate payment of the loan was first made differs from the plaintiff's. The defendants contend that demand for payment was first made sometime during February 1984 when they allegedly received a letter from Northeastern. This issue is discussed *infra.*

**3.** An automatic stay pursuant to Section 362 of the Bankruptcy Code was terminated with respect to the machinery, equipment, furniture, fixtures, inventory and accounts receivable by the Bankruptcy Court Order dated December 26, 1984.

5) written demand for payment on the guarantee;

6) failure of the guarantor to pay upon written demand;

See 38 C.J.S. Guaranty §§ 8–14 and 38 Am. Jur.2d § 119. After careful review of the briefs and the record, I find that the plaintiff has made out a *prima facie* case. First, there is no dispute that the defendants voluntarily and knowingly executed the guarantee. Second, the terms of the guaranty itself are unambiguous. It states, in pertinent part:

[t]he Undersigned hereby unconditionally guarantees to Lender, its successors, and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of [Family Restaurant]....

See Guaranty Agreement, Servedio Affidavit, Exhibit F. Here, payment on the note was accelerated. According to the terms of the note, the "[h]older is authorized to declare all or any part of the Indebtedness immediately due and payable upon the happening of any of the following events: (1) Failure to pay any part of the Indebtedness when due ...". Third, the defendants concede that the SBA relied on the guaranty. Fourth, according to the guaranty agreement, Family Restaurant's failure to make payments on the loan places them in default. Fifth, the defendants acknowledge that written demand for payment was made by the SBA—although there is disagreement as to when it was first made. And finally, the defendants tendered no other payments after written demand by the SBA. Accordingly, all the elements necessary to establish a *prima facie* case have been satisfied.

Nevertheless, the defendants present two arguments in their defense. First, they contend that this action is barred by the statute of limitations. Second, the defendants contend that the government was required to dispose of their collateral in a commercially reasonable manner which it failed to do. I will address these two arguments in turn.

A. *Statute of Limitations Defense*

■ Title 28 of the United States Code § 2415(a) provides in pertinent part:

"[E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon a contract express or implied in law or fact, shall be barred unless the complaint is filed *within six years after the right of action accrues* ..."

See also *United States v. Kurtz,* 525 F.Supp. 734, 739–40 (E.D.Pa.1981), aff'd without op., 688 F.2d 827 (3d Cir.1982), cert. denied, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982) (emphasis added).

To compute the statute of limitations, one must first determine at what point the right of action accrues. It is well settled that a cause of action on a guaranty accrues at the time when the creditor exercises its option under the acceleration clause of the guaranty agreement. See *United States v. Gilmore,* 698 F.2d 1095, 1098 (10th Cir.1983); *Nyhus v. Travel Management Corp.,* 466 F.2d 440, 453 (D.C.Cir.1972) (where the contract envisions demand, the statute of limitations is set in motion only by such demand); *United States v. Cardinal,* 452 F.Supp. 542, 547 (D.Vt.1978). Therefore, the action accrues when the creditor exercises its option under the acceleration clause by demanding immediate payment.

■ The SBA claims that its cause of action accrued in August 31, 1984 when the SBA made its first demand for payment from each guarantor. Since SBA's complaint was filed in June 14, 1990, this action would be timely if the plaintiff first demanded payment at the above date. Defendants, however, contend that demand for payment was first made in February, 1984 when they allegedly received a letter from the first holder of the guarantee. While recognizing that this is a summary judgement motion, I find that defendant's alleged letter does not present any genuine issue of material fact, see *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1985) ("The judge's inquiry, therefore, unavoidably asks ... 'whether there is [evidence] upon which a jury can properly pro-

ceed to find a verdict for the party producing it, upon which the *onus* of proof is imposed.' ") (citations omitted).

In this case, the defendants do not present the February letter; they claim it has been lost. When the defendants were allowed the opportunity to present the letter, they failed to do so. Nor have the defendants listed a witness in their pre-trial order who could testify as to its content. Finally, the affidavit by Mr. Lisanti which mentions the alleged February letter is unspecific: it is unclear exactly who the letter was sent to and in what capacity. There is nothing for this court to rely upon except an unsubstantiated claim in a single affidavit that this letter once existed. This sort of documentation simply does not amount to the evidence needed to raise a issue of material fact and defeat summary judgment. See Fed.R.Civ.P. 56(e).

Moreover, even if this court were to assume that the February letter does exist, defendant's allegations not only belie the admissible documentary evidence, they also defy logic and common sense. Family Restaurant made principal and interest payments on its loan in February, March, April, and May, and it was not until June, 1984, that Family Restaurant missed a monthly payment. It would make no sense for plaintiff to demand payment from the guarantor while the principal is fulfilling its payment obligation. At any rate, if the note was originally accelerated in February, 1984, the principal amount due and owing would have been $302,469.00 rather than $289,506.00, the amount actually demanded. The SBA would be demanding more than what it is now claiming.

Put simply, the documentation in the record and submitted on support of parties' motion for summary judgment permits this court to draw only one conclusion: demand for payment was first made on August 31, 1984 and, accordingly, this matter is timely.

## B. *Commercially Reasonableness Defense*

■ Defendants also contend that the government did not dispose of their collateral in a commercially reasonable manner. Normally, the government is required to dispose of the assets in a commercially reasonable

manner. However, this right is waivable. The case law overwhelmingly indicates that such waivers are valid. *United States v. New Mexico Landscaping, Inc.,* 785 F.2d 843 (10th Cir.1986); *United States v. Meadors,* 753 F.2d 590 (7th Cir.1985); *United States v. Lattauzio,* 748 F.2d 559 (10th Cir.1984); *United States v. Jones,* 707 F.2d 1334 (11th Cir.1983); *United States v. Kurtz,* 525 F.Supp. 734 (E.D.Pa.1981), aff'd without opinion, 688 F.2d 827 (3rd Cir.), cert. denied, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982). In *United States v. Kurtz,* Judge Becker reasoned that "when a guarantor consents to release, substitution, or modification of the collateral by the secured creditor, it cannot be fairly said that the guarantor has relied on the collateral as an inducement to sign the guaranty. Therefore, he has agreed to be absolutely liable." *Kurtz* at 745.

Here, the terms of the guarantee agreement clearly indicate that the defendants waived this right:

"The Undersigned [i.e. the defendants] hereby grants to Lender full power, in its uncontrolled discretion and without notice to the undersigned ... to deal in any manner with the Liabilities and the collateral."

See Guaranty Agreements, Supplemental Servedio Affidavit, Exhibit A.

Not only did defendants waive all interest in the collateral in the Guaranty, they also agreed that any public sale of collateral would be presumed to be commercially reasonable. Specifically, the Inventory and Accounts Receivable Security Agreement and the Equipment Security Agreement provide:

Any [public] sale [of collateral] .... shall be *conclusively presumed to be commercially reasonable,* pursuant to the Uniform Commercial Code.

Id. (emphasis added). Accordingly, since the defendants have waived all rights which they otherwise may have held in the collateral, this court does not need to reach the question of whether or not the disposal of the collateral was actually completed in a commercially reasonable manner.

Having found that the SBA has met its burden of production regarding the essential

730

elements of the guaranty agreement and having found that neither of the defendants arguments raise a genuine issue of material fact, I now find that the SBA has met its burden of persuasion with respect to their right to enforce the contract against the defendants and summary judgment should be granted.

## CONCLUSION

For all the foregoing reasons, the SBA's motion for summary judgment is granted and the defendants' motion is denied.