**UNITED STATES of America, Plaintiff,**

v.

**M.L.K., INC., d/b/a Metro Construction, Marcus A. McFarland and Janet L. McFarland, Defendants.**

**No. 94–2118–JWL.**

United States District Court,
D. Kansas.

July 15, 1994.

Janice M. Karlin, Office of U.S. Atty., Kansas City, KS, for plaintiff.

Larry E. Benson, Kansas City, KS, Ronald K. Barker, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I.  Introduction

This case involves an action by plaintiff United States of America, on behalf of its agency the Small Business Administration ("SBA"), for judgment on a promissory note and personal guarantees executed by defendants.  The matter is currently before the court on plaintiff's motion for summary judgment (Doc. # 7).  For the reasons set forth below, plaintiff's motion is granted.

### II.  Factual Background

The following facts are uncontroverted by the defendants.[1]  On or about November 15, 1991, defendant M.L.K., Inc. executed and delivered to the North Plaza State Bank a promissory note whereby defendant agreed to pay the bank the sum of Eighty–Five thousand and no/100 Dollars ($85,000) with interest at the rate of Ten (10%) per annum on the unpaid balance until paid.  At the same time and place, and as part of the same contract and transaction, and for the purpose of securing payment of the note and interest, defendant M.L.K., Inc. executed and delivered a security agreement, granting to North Plaza State Bank a security interest in certain property.  Said security interest was duly perfected by filing a financing statement with the appropriate governmental agency. Additionally, on or about November 15, 1991, as part of the same transaction, defendants Marcus A. McFarland and Janet L. McFarland executed and delivered personal, unconditional guarantees of said note to North Plaza State Bank.  On January 14, 1993, the note, security agreement, guarantees and other documents relating to the loan transaction were assigned to the SBA.

Defendant M.L.K., Inc. has failed to make each monthly payment to plaintiff when each payment became due and payable.  The last voluntary payment was made October 12, 1992.  As a result of the failure to make each monthly payment when due, plaintiff exercised its option to declare the whole balance of the indebtedness due and so notified

M.L.K., Inc., Marcus McFarland and Janet McFarland by registered mail, return receipt requested.

The amount due on the note has not been satisfied, and there is now due and owing to plaintiff from defendant M.L.K., Inc., as well as Marcus McFarland and Janet McFarland on their guarantees, the sum of $72,790.14 principal, plus accrued interest of $6,716.64 to December 15, 1993, plus accruing interest at the rate of 8% per annum from and after that date.

### III.  Standards for Summary Judgment

A motion for summary judgment gives a judge an initial opportunity to assess the need for a trial without weighing the evidence or determining credibility.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.  56(c).  The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251– 52, 106 S.Ct. at 2512.

The party who files a motion for summary judgment has the initial burden of demonstrating the absence of a genuine issue of material facts concerning its claims.  This burden may be met by showing that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553– 54, 91 L.Ed.2d 265 (1986).  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a

---

1.  Defendants contend that, pursuant to Fed. R.Civ.P. 56(c), plaintiff has failed to properly support many of these facts in its summary judg-

ment motion.  The court has considered and rejected this argument, for the reasons set forth in the discussion section of this order.

genuine issue of material fact left for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. The nonmoving party may not simply rest on its pleadings in the case but has the affirmative duty to come forward with facts to establish that a genuine issue exists necessitating a trial in the case. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555.

## IV. Discussion

Defendants do not directly controvert, in either their answer to the complaint or their response to plaintiff's summary judgment motion, plaintiff's assertions that: (1) M.L.K., Inc. executed the promissory note; (2) M.L.K. executed the security agreement; (3) Marcus and Janet McFarland executed the personal, unconditional guarantees; (4) defendants have defaulted on the note; (5) defendants received letters from the SBA notifying them that the SBA was holder of the note and had exercised its option to call the note; or (6) the amount due and owing under the note is as stated by plaintiff. These facts, if uncontroverted, would entitle plaintiff to judgment on its claims. *See United States v. Frey,* 708 F.Supp. 310, 312 (D.Kan.1988).

■ Rather than produce evidence to directly controvert any of these factual averments by plaintiff, defendants rely on a technical argument that plaintiff failed to properly support its summary judgment motion as required under Fed.R.Civ.P. 56(c), and therefore plaintiff's summary judgment motion should be denied. The note, security agreement, guarantees and other loan documents were attached to plaintiff's complaint. Rather than admit or deny their authenticity, defendants responded in their answer that the documents are "instrument[s] in writing, the terms and conditions of which are self-evident." Defendants now contend that the plaintiff's reliance on the documents in their summary judgment motion is improper because plaintiff merely attaches the documents to its motion, and does not verify their authenticity by use of an affidavit, which defendants contend is required under Fed. R.Civ.P. 56(c) and D.Kan.Rule 206.

In its reply, plaintiff contends that defendants' answer, which states that the "documents speak for themselves," should be interpreted as an admission, by silence, that the defendants did in fact execute each of the documents in question. Additionally, in an attempt to, in plaintiff's words, "moot out any procedural problems with this motion," plaintiff has attached to its response an affidavit from Wayne R. Newell, who was a Senior Vice President at North Plaza State Bank at the time the documents were executed. In his affidavit, Mr. Newell states that the loan documents were prepared under his direction and that, along with personally executing the documents on behalf of the bank, he personally witnessed Janet McFarland and Marcus McFarland sign the documents in his office.

The court believes that given the cryptic language used by defendants in answering plaintiff's complaint, along with defendant's contention that the authenticity of the documents was not properly supported by affidavit, an interesting question would arise as to whether the authenticity of the documents could be presumed for purposes of summary judgment. It is true that defendants produced no evidence to contradict the authenticity of the documents. However, it is plaintiff's burden under Fed.R.Civ.P. 56 to produce evidence relating to their authenticity. By merely producing the documents, without any supporting evidence as to their creation and authenticity, plaintiff arguably failed to carry its burden.[2]

---

**2.** Although it is difficult to fault defendants for strictly holding plaintiff to its burden of proof, the court is troubled by the litigation tactics employed by defendants in this matter. It appears to the court that defendants had no valid grounds to contest the authenticity and execution

The court finds that the question need not be answered, however, due to plaintiff's inclusion in its reply of the affidavit of Mr. Newell. His affidavit presents evidence establishing the execution of the documents in question by the defendants and the authenticity of the documents, which defendants do not controvert. Consequently, the court finds that based on the uncontroverted facts before it, plaintiff is entitled to summary judgment on its claims against defendants on the note and guarantees.

■ Defendants make one other legal argument, that being their contention that plaintiff failed to produce evidence that the note was properly assigned to the SBA, or that defendants received notice of such assignment. The court finds that in the affidavit of John E. Walls,[3] an SBA loan officer, plaintiff has produced ample evidence of the assignment of the note to the SBA, along with evidence that each of the defendants was notified by certified mail on February 23, 1993, return receipt requested, that the SBA currently held the note. In any event, failure by the plaintiff to notify defendants that the note had been assigned does not affect defendants' obligation to pay plaintiff under the terms of the note. *See Whisler v. Whisler,* 9 Kan.App.2d 624, 684 P.2d 1025 (1984).

*V. Conclusion*

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** plaintiff's motion for summary judgment (Doc. # 7) is granted.[4] The clerk of this court is directed to enter judgment against defendants M.L.K., Inc., Marcus A. McFarland and Janet L. McFarland in the amount of $72,790.14 principal, plus accrued interest of $6,716.64 to December 15, 1993, plus accruing interest at the rate of 8% per annum from and after that date.

**IT IS SO ORDERED.**

---

of the loan documents in question here. Rather than their cryptic answer that the documents "speak for themselves," the court believes that the proper action for defendants to take in their answer would have been to either admit the authenticity and execution of the documents, or deny the same if they had valid grounds to do so. To proceed as they did, if indeed they had no valid defenses as to the execution and authenticity of the documents, smacks to the court as a mere delaying tactic by defendants, and flirts with Rule 11 problems.

3. Mr. Walls' affidavit was attached to plaintiff's reply memorandum.

4. The granting of this motion will result in termination of this litigation. In the final paragraph of their answer, defendants state that they "pray that the court will allow the joinder or impleader of the University of Kansas." Defendants failed to serve a summons and complaint on third party University of Kansas within the ten day period following their answer provided in Fed.R.Civ.P. 14(a). The court would deny any attempt to do so now as untimely. *See First Nat. Bank of Nocona v. Duncan Sav. & Loan Ass'n,* 957 F.2d 775 (10th Cir.1992); *United States Fidelity & Guaranty Co. v. Perkins,* 388 F.2d 771 (10th Cir. 1968).