51 F.3d 287
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles L. MYERS, Defendant-Appellant,
and
PERSONAL COMPUTER CENTER, INC., a Kansas corporation; Epson
America, Inc.; IBM Credit Corporation; General
Electric Credit Corporation, Defendants.
 No. 94-3108.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Charles L. Myers appeals from the district court's order granting summary judgment to the government on its claims against Mr. Myers as personal guarantor of two defaulted notes also guarantied by the Small Business Administration (SBA). Though represented by counsel in the district court, Mr. Myers proceeds pro se on appeal. The district court certified its order granting summary judgment as final pursuant to Fed.R.Civ.P. 54(b), and we have jurisdiction under 28 U.S.C. 1291.
 
 
 4
 The district court's order explains the relevant background information regarding the defaulted notes and the guaranties, and we mention only the facts pertinent to the appeal. The primary debtor under the first note is Personal Computer Center, Inc., a company of which Mr. Myers was president and principal owner that is now in bankruptcy. The district court found Mr. Myers liable for $108,301.53 plus interest as an unconditional guarantor of this note. The only issue he raises on appeal with respect to this note is that the district court's order does not take into consideration payments made and being made by the debtor pursuant to its bankruptcy reorganization plan. Mr. Myers did not raise this issue in the district court. We generally do not address issues not raised below, particularly where, as here, the issue requires consideration of evidence not contained in the record. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir.1993). We see no reason to depart from this rule here. We do note that in its response brief, the government suggests it is not seeking double recovery on the note, and will assist Mr. Myers in determining the net amount due.
 
 
 5
 The primary debtor on the second note unconditionally guarantied by Mr. Myers is Electronic Office Software, Inc., of which he was vice-president. The district court found Mr. Myers liable for the original note amount of $360,000 plus interest. He raises several issues regarding this second note.
 
 
 6
 Mr. Myers first argues that the government's claim is barred by the statute of limitations. He claims that the government's rights arise only through the assignment of the note by the original lender, and that the limitations period begins when the original lender knew or should have known the primary debtor defaulted on the note. He contends that occurred in 1983, and the government's claim is barred because it did not file suit until 1990, which was after the six-year statute of limitations had run. We agree with the district court that the six-year limitations period specified in 28 U.S.C. 2415(a) applies, and that the period does not run until the government exercised its right to accelerate the note and made demand for payment. See United States v. Gilmore, 698 F.2d 1095, 1097 (10th Cir.1983). The government did not do this until 1988, and its claim is therefore not barred by the statute.
 
 
 7
 Mr. Myers next contends that he should be discharged from his guaranty because the amount of the note was increased from $360,000, the amount stated in his guaranty contract, to $550,000 without his consent. The government argues that we should not address this issue because Mr. Myers did not raise it in his summary judgment response. The government concedes, however, that the issue was included in the pretrial order filed three weeks after the summary judgment response and that the district court addressed the issue in its order. Under these circumstances, we will not consider the issue waived.
 
 
 8
 Mr. Myers contends that he was discharged from his guaranty by the increase in the note amount through application of the general rule that a material alteration to the underlying note without the guarantor's consent discharges the guarantor if the alteration injures the guarantor. Kansas law governs this issue. United States v. Kimbell Foods, Inc., 440 U.S. 715, 728-29 (1979). Though Mr. Myers correctly states the general rule, see Iola State Bank v. Biggs, 662 P.2d 563, 570 (Kan.1983), we agree with the district court that it does not operate to discharge Mr. Myers here. As the court noted, Mr. Myers signed the amendment to the note as an officer of the company. (Though Mr. Myers makes much of the court's misstatement of his title and the date of amendment, those errors are immaterial.) He therefore had notice of the change and expressly agreed to it in his official capacity. See George E. Failing Co. v. Cardwell Inv. Co., 376 P.2d 892, 898 (Kan.1962)(noting that "guarantor is at least entitled to notice of change and the attempt to increase his burden and his chances of loss"). Moreover, Kansas appears to follow the majority rule that when credit is extended beyond the amount guarantied, "the guarantor will not be discharged absent a clear intention that the extension of credit beyond the amount named in the guaranty contract would discharge the guarantor." 38 Am.Jur.2d Guaranty 88 (1968); see Platter v. Green, 26 Kan. 252, 268-69 (1881). We see no such clear intention in the guaranty contract here. Because the district court found Mr. Myers' liability limited to the amount of the original note, which was the amount stated in the guaranty contract, there was no error.
 
 
 9
 Mr. Myers also contends that the government's claim should be barred by laches and that he has not been given proper credit for payments that have been made on the second note. Again, he did not raise these issues in the district court, and we will not consider them on appeal.
 
 
 10
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation